# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANGELA DENISE KILGORE,**

    Petitioner,

vs.                                           Case No. 4:11cv94-MP/WCS

**BUREAU OF PRISONS, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PROCEEDING

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner filed a motion to proceed in forma pauperis, doc. 2, which is granted solely for purposes of dismissal.

Petitioner complains of deliberate indifference to medical needs and callous disregard of prescribed medical treatment for an injury to or condition of her leg. For relief, Petitioner seeks:

> Punitive and compensatory damages for medical care causing extreme pain and suffering and constant fear of loss of leg for deliberate indifference to medical care, callous disregard for health and safety and any other relief due her in violation of her Constitutional rights, known and unknown to the plaintiff, [inclusive] of all legal fees and costs of this proceeding.

Doc. 1, p. 6. Petitioner titles the attachment, setting forth facts and record references as (in part) a "motion under" § 2241, a "motion for preventive injunction" and "petition for damages." Doc. 1, attachment (doc. 1-1, p. 2 of the document as scanned in ECF) (Electronic Case Filing).

Petitioner filed a separate document titled "preventive injunction," asking that she not be transferred so that she may be kept at FCI (Federal Correctional Institution) Tallahassee and treated by people there. Doc. 3. On March 9 and again on March 12, 2011, Petitioner submitted notices that her address changed to FMC (Federal Medical Center) Carswell, in Fort Worth, Texas. Docs. 5 and 7. She filed a "motion for preliminary injunction for retaliatory transfer," stating that a retaliatory transfer was "done on March 8, 2011," and asking to be returned from FMC Carswell to FCI Tallahassee. Doc. 8, dated March 9 and filed on March 17, 2011. Doc. 8.[1]

Petitioner also filed a motion to admit medical records. Doc. 6, see also doc. 6-1 in ECF (proposed medical records).

This case should be summarily dismissed as Petitioner's claims are not cognizable under § 2241. Habeas corpus is the appropriate and exclusive remedy where a prisoner seeks to effect immediate or more speedy release from confinement. *See* Preiser v. Rodriguez, 411 U.S. 475, 485-87, 93 S.Ct. 1827, 1834-35, 36 L.Ed.2d 439 (1973). Petitioner here seeks injunctive relief and damages. She does not seek

---

[1] Petitioner signed (but did not date) the document at page 4; underneath her signature is an address label bearing the FMC address, affixed over what appears to be the FCI address. The attached certificate of service indicates that Petitioner deposited the document in the prison mail at FCI on March 9, 2011, and the address under Petitioner's signature is the FCI address

immediate or speedier release, no would she be entitled to it. "The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment . . . is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991), *quoting*, Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990). "Release from confinement is not a possible remedy." 941 F.2d at 1494.[2]

In federal court, Petitioner may pursue injunctive relief and damages regarding her medical treatment in prison by filing a separate civil rights complaint and in forma pauperis application. She is advised that a separate case will be subject to the Prison Litigation Reform Act (PLRA).[3]

---

[2] While irrelevant to the analysis of whether this case properly proceeds in habeas corpus, according to the website of the Federal Bureau of Prisons (www.bop.gov), FMC Carswell "provides specialized medical and mental health services to female offenders." Transfer there would seem to benefit an inmate with a stated medical condition.

[3] The filing fee for any civil action other than habeas corpus is $ 350.00. 28 U.S.C. § 1914(a). Under the PLRA (which does not apply to habeas proceedings), even if leave to proceed in forma pauperis is granted the court will access an initial partial filing fee, and the prisoner will be required to pay back the entire fee in monthly installments. 28 U.S.C. § 1915(b)(1), (2). Notwithstanding any fee or portion thereof that is paid, the court will dismiss the case if it finds the allegation of poverty is untrue, that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). The prisoner may also be required to pay any costs in monthly installments. § 1915(f). After three such dismissals, a prisoner is precluded from proceeding in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." § 1915(g).

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus (doc. 1) and motions for injunction (docs. 3 and 8) be **SUMMARILY DENIED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2011.

 S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.